IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 21-cv-02553-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

TRAVIS LORE,

    Defendant.
_____

# ORDER
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 31]. The Recommendation addresses the defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on Qualified Immunity Grounds [Docket No. 17]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.    BACKGROUND[1]

On September 17, 2019, plaintiff William Montgomery entered a Walmart Superstore at approximately 8:36 p.m. to go shopping. Docket No. 1 at 5, ¶ 5. Plaintiff purchased some hand wipes and disinfecting wipes ("wipe packages") at the register and declined a plastic bag for "environmental reasons." *Id*. at 5-6, ¶¶ 6, 8. At approximately 9:02 p.m., plaintiff left the store while carrying the items "in hand." *Id*. at 5, ¶¶ 6-7. Defendant Travis Lore, an Aurora Police Officer, was "posted up" at the store's exit and followed plaintiff to plaintiff's vehicle in the nearby parking lot. *Id*. at 5-6,

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

¶ 7.  Once the defendant caught up to plaintiff, the defendant asked to see plaintiff's receipt.  *Id*. at 6, ¶ 8.  Plaintiff declined to provide a receipt and placed the wipe packages in the inside pockets of his jacket.  *Id*.  Defendant requested plaintiff's receipt several more times and then asked for plaintiff's identification.  *Id*., ¶ 9.  Plaintiff asked if he was being detained, and the defendant responded affirmatively.  *Id*.  Defendant then told plaintiff to sit on the ground, which plaintiff did.  *Id*.  Moments later, defendant asked plaintiff to stand, and he escorted plaintiff back to the store for further investigation.  *Id*.  At the store, plaintiff provided his identification to defendant.  *Id*.

Defendant then patted down plaintiff.  *Id*., ¶ 10.  Plaintiff asked if defendant thought he was armed, and defendant replied, "I don't know you, I don't know you."  *Id*.  One of plaintiff's pants pockets contained two "RV body lights," which plaintiff had purchased on another occasion and had thought about returning.  *Id*. at 6-7, ¶ 11.  Plaintiff never removed the RV lights from his pocket during the shopping trip.  *Id*.  Defendant patted down the pants pocket with the RV lights, but did not reach into the pocket to retrieve the lights.  *Id*.  Plaintiff believes that defendant acknowledged the RV lights were not weapons because defendant asked plaintiff whether these items were stolen in addition to the wipes.  *Id*. at 7, ¶ 11.  Plaintiff did not respond, and defendant then reached into plaintiff's jacket pockets to "remove the two packages of wipes [that defendant] had observed [plaintiff] place in there initially."  *Id*., ¶ 12.  Shortly afterwards, two more officers arrived at the store to assist the defendant.  *Id*., ¶ 13.  Defendant asked plaintiff to sit down, and the two officers stood with plaintiff while the defendant returned to defendant's vehicle.  *Id*.

Approximately fifteen minutes later, defendant returned and told plaintiff that he would be issuing him a shoplifting citation. *Id*. at 7-8, ¶ 14. Plaintiff was "once again asked" about the items located in his pants pockets. *Id*. Defendant then reached into plaintiff's pants pockets to retrieve the RV lights and told plaintiff "he'd be holding onto them while he started a new investigation with the store." *Id*. Approximately fifteen minutes later, defendant returned and informed plaintiff that he would be citing him for shoplifting the two RV lights, in addition to the two packages of wipes. *Id*. at 8, ¶ 15. A few minutes later, defendant explained the charges and released plaintiff, but did not return the wipe packages or RV lights. *Id*., ¶ 16. The next day, defendant informed plaintiff over the phone that all theft charges would be dropped. *Id*. at 8-9, ¶ 17. Defendant gave plaintiff instructions for retrieving the items from police custody. *Id*.

On September 17, 2021, plaintiff filed a complaint against defendant for the following Fourth Amendment violations: (1) unreasonable "relocation of person"; (2) unreasonable search; (3) unreasonable seizure of the two wipe packages; (4) unreasonable seizure of the RV lights; and (5) unreasonable detention after seizing the RV lights. Docket No. 1 at 9-14. Defendant filed a motion to dismiss the claims on May 11, 2022 based on qualified immunity. Docket No. 17. Magistrate Judge Hegarty issued a recommendation on defendant's motion on August 17, 2022. Docket No. 31. Plaintiff filed an objection on September 15, 2022. Docket No. 34. Defendant responded to the objection, Docket No. 35, and plaintiff filed a reply. Docket No. 36.

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so

general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### C. **Qualified Immunity**

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard. *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v.*

*Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)).  When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct.*"  T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case."  *Pearson*, 555 U.S. at 236.

### III.   ANALYSIS

The magistrate judge recommends granting defendant's motion to dismiss, finding that defendant is entitled to qualified immunity because defendant possessed reasonable suspicion and because plaintiff failed to cite clearly established law.  Docket No. 31 at 17.  The magistrate judge additionally recommends granting plaintiff leave to amend his complaint because plaintiff is proceeding pro se, has not previously amended his pleading, and has not received guidance regarding any defective allegations in his pleading.  *Id*.

Plaintiff makes three objections to the magistrate judge's recommendation: 1) the magistrate judge misconstrued his first claim as an unlawful detention claim; 2) the recommendation's reliance on *Michigan v. Long*, 463 U.S. 1032 (1983), to justify the seizure of the items was incorrect and the magistrate judge misquoted a fact in the recommendation; and 3) "the defendant is liable for detaining plaintiff to investigate the RV lights."  Docket No. 34 at 1-7.

7

### A. Objection One

The magistrate judge recommends that the defendant is entitled to qualified immunity on plaintiff's first claim alleging "an unreasonable relocation (seizure) of his person." Docket No. 31 at 7-10. Specifically, the magistrate judge concluded it was not clearly established at the time that police officers lack reasonable suspicion to conduct an investigative detention for possible shoplifting when an individual leaves a store with unbagged items and no visible receipt. *Id*. at 9-10.

Plaintiff objects, arguing that the magistrate judge misconstrued his claim as an unlawful detention claim, when the complaint asserted an "unlawful relocation" claim based on the defendant's actions of physically relocating the plaintiff from the parking lot to the store. Docket No. 34 at 1-2. Plaintiff argues that nowhere in the complaint did he claim unlawful detention, but rather he alleged "an unlawful relocation of him absent lawful justification 'to believe the action taken was appropriate.'" *Id*. at 2. Plaintiff cites *Florida v. Royer*, 460 U.S. 491 (1983), in support of his claim. *Id*. However, the Supreme Court in *Royer* did not establish a constitutional right to not be relocated during an investigative detention. *See generally Royer*, 460 U.S. at 503-06. The Court in *Royer* instead considered whether moving a suspect from one location to another converted the temporary seizure into an arrest. *Id*. The Court acknowledged that "there are undoubtedly reasons of safety and security that would justify moving a suspect from one location to another during an investigative detention." *Id.* at 504. In this case, plaintiff does not argue that his relocation from the parking lot to the store converted his detention into an unlawful arrest – he merely argues that the relocation itself was

8

unlawful.  *See* Docket No. 34 at 3 (arguing that plaintiff "had not been arrested by the Defendant" in this circumstance).  Plaintiff's citation to *Royer* is thus unavailing.

Even if plaintiff argued that the movement converted his stop into an unlawful arrest, the Court would reject this argument.  The Tenth Circuit has found that "police may move a suspect without exceeding the bounds of an investigative detention when it is a reasonable means of achieving the legitimate goals of the detention given the specific circumstances of the case."  *United States v. White*, 584 F.3d 935, 953 (10th Cir. 2009) (citing *United States v. Charley*, 396 F.3d 1074, 1080 (9th Cir. 2005)).  In *White*, the Tenth Circuit held that the officer did not exceed the bounds of an investigative detention when the officer directed the suspect to drive approximately eight miles on the highway to undergo a drug-detection dog sniff test of the exterior of his car.  *Id*. at 953-56.  The Tenth Circuit held that this movement was reasonable under the circumstances because the purpose was to "expedite the dog sniff" test and the officer directed the suspect to a parking lot, not a police station.  *Id*. at 954-55.  The Tenth Circuit noted that courts have upheld the transportation of a suspect back to the crime scene for investigation and identification purposes.  *Id*. at 953 n.8 (citing *United States v. McCargo*, 464 F.3d 192, 198 (2d Cir. 2006); *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990-93 (9th Cir. 2002); *United States v. Short*, 570 F.2d 1051, 1054 (D.C. Cir. 1978)).

In this case, defendant asked plaintiff to move from the "nearby parking lot" to the store "for further investigation" of the alleged shoplifting.  Docket No. 1 at 5-6, ¶¶ 7, 9.  Although the complaint does not state the precise distance between the store and the parking lot, moving plaintiff from the nearby parking lot is a shorter distance than the

eight-mile movement upheld by the Tenth Circuit in *White*. *See id.*, ¶ 7; *White*, 584 F.3d at 954-55. The defendant did not direct plaintiff to a police station, but rather directed him inside the store to further the shoplifting investigation. Docket No. 1 at 6, ¶ 9; *see also White*, 584 F.3d at 954-55. Accordingly, defendant did not exceed the bounds of the detention by escorting plaintiff back to the scene of the suspected crime for further investigation. *See White*, 584 F.3d at 953-56. As a result, the Court overrules plaintiff's first objection.

### B. Objection Two

The magistrate judge recommends that the defendant is entitled to qualified immunity on plaintiff's third and fourth claims alleging unreasonable seizures of the wipe packages and the RV lights. Docket No. 31 at 10-11. The magistrate judge held that plaintiff cited no clearly established law that the defendant could not seize the items during the investigative detention. *Id*. at 11, n.2. Furthermore, even if plaintiff had cited clearly established law regarding the seizure of the items, the magistrate judge found that the defendant had reasonable suspicion to remove both items from plaintiff's person. *Id*. at 11. The magistrate judge emphasized that seizure of property does not rely on an independent justification from the detention. *Id*. Citing *Michigan v. Long*, the magistrate judge noted that, "[i]f while conducting a legitimate Terry search. . . the officer should. . . discover contraband other than weapons, he clearly cannot be required to ignore the contraband." *Id*. (citing *Long*, 463 U.S. at 1050).

Plaintiff's objection challenges the magistrate judge's reliance on *Long* to justify the seizure of the wipe packages and the RV lights. Docket No. 34 at 3. Plaintiff argues that the holding in *Long* was based on the "plain view" exception to the warrant

requirement, which requires a probable cause standard. *Id*. at 3-5. Plaintiff states that defendant did not have probable cause to believe the wipe packages or RV lights were "contraband" when he seized them because the items' incriminating character was not immediately apparent. *Id*. at 6; Docket No. 36 at 3. Plaintiff argues that defendant had no probable cause that the RV lights were "even identifiable as store merchandise." Docket No. 34 at 6. He asserts that "*even if* reasonable suspicion existed to initially pat-down Plaintiff for weapons, because nothing felt like a weapon, no further search of his person – or his pockets – was authorized." *Id*. at 7. Plaintiff does not object to the magistrate judge's finding that the defendant possessed reasonable suspicion to conduct the *Terry* pat down. *See generally id*.

Plaintiff further argues that the magistrate judge misquoted a fact in the recommendation. *Id*. at 6. The recommendation states that after defendant informed plaintiff of the shoplifting citation for the wipe packages, "***Plaintiff asked*** if he was also being cited for the RV lights." Docket No. 31 at 2. (emphasis added). Plaintiff's complaint states, "After being informed of the charges, ***Plaintiff was once again asked*** about the items still located in one of his pant pockets (the RV lights)." Docket No. 1 at 7-8, ¶ 14 (emphasis added).

The Court first addresses the seizure of the wipe packages. During a *Terry* frisk, an officer can seize contraband if its incriminating character is "immediately apparent." *Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993). In *Dickerson*, the Supreme Court explained

> [i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure

11

> would be justified by the same practical considerations that inhere in the plain-view context.

*Id*. Regardless of whether the officer "detects the contraband by sight or touch," the officer must have probable cause to believe the item is contraband before seizing it. *Id*. at 376. The Court finds that defendant had probable cause to seize the wipe packages as suspected contraband. Defendant saw plaintiff leave the store, carrying the wipe packages "in hand" without a shopping bag. Docket No. 1 at 5-6, ¶¶ 6-7. In the parking lot, plaintiff refused to provide a receipt when the defendant asked to see his receipt for the items. *Id*. at 6, ¶ 8. Defendant then observed plaintiff place the wipe packages in the inside pockets of his jacket. *Id*. at 6-7, ¶¶ 8, 12. After patting plaintiff down, defendant reached into plaintiff's jacket pockets to remove the wipe packages. *Id*., ¶¶ 9, 12. Under these facts, defendant had probable cause to believe that plaintiff stole the wipe packages and therefore defendant could seize the contraband. *See Dickerson*, 508 U.S. at 375-76. Furthermore, plaintiff has failed to show that the seizure of the wipe packages violated clearly established law. There is "no clearly established right that an officer may not temporarily seize items believed to be stolen while an investigation into the items' status is conducted." *Montgomery v. Holweger*, 529 F. Supp. 3d 1212, 1217 (D. Colo. 2021). Accordingly, the Court overrules this portion of plaintiff's objection and accepts the magistrate judge's recommendation to dismiss plaintiff's third claim on qualified immunity grounds.

The Court next addresses the seizure of the RV lights. Plaintiff argues that defendant had no probable cause to believe the RV lights were contraband, or even merchandise from the store, when defendant seized the RV lights. Docket No. 34 at 6. The Court agrees with plaintiff. The complaint alleges that the RV lights were located in

12

plaintiff's pants pockets and plaintiff did not remove the RV lights during the shopping trip. Docket No. 1 at 6-7, ¶ 11. The complaint states that defendant patted down plaintiff's pants pockets. *Id*. Fifteen minutes later, defendant asked plaintiff about the items located in his pants pockets and defendant then reached into the pocket and removed the RV lights. *Id*. at 7-8, ¶ 14. There is no evidence at this stage of the proceedings that defendant immediately recognized the items in plaintiff's pocket as contraband. As a police officer, defendant "may be uniquely qualified to distinguish between contraband and non-contraband items based on texture," *United States v. Holmes*, 311 F. App'x 156, 160 (10th Cir. 2009) (unpublished); however, there are no allegations in the complaint indicating that defendant recognized from his pat down the nature of the items such that he had probable cause to believe that they were stolen merchandise from the store. *See generally* Docket No. 1. Accordingly, plaintiff has stated a plausible claim that defendant violated his Fourth Amendment rights by unreasonably seizing the RV lights. The Court also finds that the law was clearly established that an officer cannot seize an item in a suspect's pocket if the incriminating character of the item is not "immediately apparent." *See Dickerson*, 508 U.S. at 375-78. Accordingly, the Court sustains plaintiff's objection and overrules the portion of the recommendation that recommends dismissing the fourth claim in regard to the seizure of the RV lights.

### C. Objection Three

Plaintiff argues that defendant is liable for detaining plaintiff to investigate the RV lights and asks the Court to refrain from dismissing claim five. Docket No. 34 at 7. The magistrate judge found that the defendant was entitled to qualified immunity on claim

13

five because defendant had reasonable suspicion to detain plaintiff for the RV lights based on the totality of the circumstances. Docket No. 31 at 12-13. In the objection, plaintiff states, "[b]ecause the Defendant's investigation and detention of Plaintiff for his RV lights began exclusively **_AFTER_** the prior investigation of his two packages of wipes had **_COMPLETED_**, and because the RV lights were 'fruit of the poisonous tree,' the Defendant is liable for starting the new detention of Plaintiff that he did not have reasonable suspicion to begin in the first place. *See U.S. v. McSwain*, 29 F.3d 558 (10th Cir. 1994)." Docket No. 34 at 7.

Fourth Amendment detentions require reasonable suspicion. *Romero v. Story*, 672 F.3d 880, 886 (10th Cir. 2012). "An officer who stops and briefly detains a person for questioning must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id*. (internal quotations and citation omitted). Defendant had reasonable suspicion to detain plaintiff for shoplifting the wipe packages given the totality of the circumstances. *See United States v. Fisher*, 99 F. App'x 190, 194 (10th Cir. 2004) (unpublished). Defendant witnessed plaintiff walk out of the store with wipe packages in hand, plaintiff stuffed the packages in his jacket, and refused to provide a receipt. Docket No. 1 at 5-6, ¶¶ 6-9. However, the Court finds that defendant lacked reasonable suspicion to detain plaintiff for the RV lights. As the Court previously held, there are no allegations in the complaint indicating that defendant had any reason to believe that the objects in plaintiff's pants pockets were stolen merchandise when defendant conducted the pat down. After defendant retrieved the RV lights, he told plaintiff "he'd be holding onto them while he started a new investigation with the store." Docket No. 1 at 7-8, ¶ 14. The allegations

14

in the complaint indicate that plaintiff was detained for an additional fifteen minutes after defendant retrieved the RV lights. *Id*. at 7-8, ¶¶ 14-15. At that time, defendant informed plaintiff that he would be issuing plaintiff a citation for the RV lights, in addition to the wipe packages. *Id*. at 8, ¶ 15.

Plaintiff cites *McSwain* to support his objection. Docket No. 34 at 7. In *McSwain*, the Tenth Circuit found that the officer permissibly stopped the suspect to inspect the validity of his vehicle's temporary registration sticker; however, once the officer approached the vehicle and observed a valid sticker, the purpose of the stop was satisfied. *McSwain*, 29 F.3d at 561. The officer's further detention of the vehicle to question the suspect about his travel itinerary and to request his registration "exceeded the scope of the stop's underlying justification." *Id*. Here, defendant's detention of plaintiff for fifteen additional minutes to investigate the RV lights, without any objectively reasonable suspicion that the RV lights were stolen merchandise, exceeded the scope of plaintiff's detention for the wipe packages. *See* Docket No. 1 at 7-8, ¶¶ 14-15; *McSwain*, 29 F.3d at 561. Accordingly, plaintiff has stated a plausible claim that defendant violated his Fourth Amendment rights by detaining him to investigate the RV lights. The Court also finds that the law was clearly established that an officer cannot continue to detain a suspect, absent reasonable suspicion, once the purpose of the stop is satisfied. *See McSwain*, 29 F.3d at 561; *see also Vasquez v. Lewis*, 834 F.3d 1132, 1136 (10th Cir. 2016). Accordingly, the Court sustains plaintiff's objection and overrules the portion of the recommendation that recommends dismissing the fifth claim regarding plaintiff's detention for the RV lights.

### D. <u>Non-Objected Portions of the Recommendation</u>

Plaintiff does not object to the magistrate judge's finding on claim two that the defendant possessed reasonable suspicion to conduct a *Terry* search for weapons. *See generally* Docket No. 34. In the absence of an objection, the Court has reviewed the magistrate judge's recommendation on claim two to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Arn*, 474 U.S. at 150. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

Neither party objected to the magistrate judge's recommendation that plaintiff be granted leave to amend the complaint. The Court finds no error in this portion of the recommendation. Therefore, the first, second, and third claims will be dismissed without prejudice.

## IV. CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Objection to the Magistrate Judge's Report and Recommendations [Docket No. 34] is **OVERRULED in part and SUSTAINED in part**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 31] is **OVERRULED in part** and **ACCEPTED in part**. It is further

**ORDERED** that defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on Qualified Immunity Grounds [Docket No. 17] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that plaintiff's first, second, and third claims are **DISMISSED** without prejudice.

DATED March 8, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge