IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02553-PAB-CYC

WILLIAM MONTGOMERY,

    Plaintiff,

v.

TRAVIS LORE,

    Defendant.

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

---

Defendant Travis Lore, by and through undersigned counsel, hereby submits his Answer to Plaintiff's Amended Complaint as follows:

### PARTIES

1.    As to the allegations in Paragraph 1 of the Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny those allegations and, therefore, denies the same.

2.    Defendant admits the allegations in Paragraph B of the Amended Complaint.

### JURISDICTION

3.    Defendant incorporates herein by reference the responses in Paragraphs 1-2 as though fully set forth herein.

4. As to the allegations in Paragraph C of the Amended Complaint, Defendant admits that Plaintiff asserts violations of his Fourth Amendment which were pled pursuant to 42 U.S.C. § 1983. Defendant otherwise denies the remaining allegations in Paragraph C.

## STATEMENT OF CLAIMS

5. Defendant incorporates herein by reference the responses in Paragraphs 1-4 as though fully set forth herein.

6. Paragraph D-1 of the Amended Complaint contains legal conclusion(s) for which no response is required. To the extent a response may be required, Defendant denies the same.

7. Defendant objects to the allegations in Paragraph D-2 of the Amended Complaint because it does not comply with Fed.R.Civ.P. 8(d), as it is not a simple, concise and direct allegation which is capable of a direct response. In response to the allegations contained in Paragraph D-2, Defendant admits that after Plaintiff exited the Walmart store with unbagged items for the second time within less than an hour, he approached Plaintiff and asked to see a receipt. Defendant issued Plaintiff a ticket for shoplifting and rescinded the ticket the next day. Defendant denies the remaining factual allegations contained in Paragraph D-2 of the Amended Complaint.

8. Defendant denies the allegations contained in Paragraph D-3 of the Amended Complaint.

9. As to paragraph D-4, Defendant incorporates herein by reference the responses in Paragraphs 1-8 as though fully set forth herein.

10. Defendant admits the allegations contained in Paragraph D-5 of the Amended Complaint.

11. As to the allegations in Paragraph D-6 of the Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny those allegations and, therefore, denies the same.

12. As to the allegations in Paragraph D-7 of the Amended Complaint, Defendant admits that he was working off-duty in uniform at the Walmart Superstore on September 17, 2019, when he witnessed Plaintiff leaving the store for the second time within less than an hour with unbagged items and that he contacted Plaintiff in the parking lot. Defendant otherwise denies the allegations in Paragraph D-7.

13. As to the allegations in Paragraph D-8 of the Amended Complaint, Defendant admits that he asked to see Plaintiff's receipt and that Plaintiff placed the packages of wipes he carried out of the store into his jacket pockets. Defendant otherwise denies the allegations in Paragraph D-8.

14. As to the allegations in Paragraph D-9 of the Amended Complaint, Defendant admits that he continued to request to see Plaintiff's receipt, and after Plaintiff repeatedly refused, Defendant asked to see Plaintiff's identification. Defendant had Plaintiff sit down briefly and then escorted him back to the store. Defendant admits that Plaintiff eventually provided his identification. Defendant otherwise denies the allegations in Paragraph D-9.

15. As to the allegations in Paragraph D-10 of the Amended Complaint, Defendant admits that he patted Plaintiff down. Defendant otherwise denies the allegations in Paragraph D-10.

16. As to the allegations in Paragraph D-11 of the Amended Complaint, Defendant admits that he questioned Plaintiff about whether he had also stolen the RV lights he felt in Plaintiff's pockets. Defendant otherwise denies the allegations in Paragraph D-11.

17. Defendant denies the allegations in Paragraph D-12.

18. As to the allegations in Paragraph D-13 of the Amended Complaint, Defendant admits that two on-duty officers arrived to cover him and those officers stood by Plaintiff while Defendant left to conduct his investigation. Defendant otherwise denies the allegations in Paragraph D-13.

19. As to the allegations in Paragraph D-14 of the Amended Complaint, Defendant admits that one of the on-duty cover officers, Officer Limbaugh, patted down Plaintiff, discovered the RV lights and asked Plaintiff if the lights were stolen. Defendant otherwise denies the allegations in Paragraph D-14.

20. As to the allegations in Paragraph D-15 of the Amended Complaint, Defendant admits that he told Plaintiff that he would be issuing him a citation and that Officer Ingersoll reached into Plaintiff's pocket to retrieve the RV lights. Defendant otherwise denies the allegations in Paragraph D-15.

21. As to the allegations in Paragraph D-16 of the Amended Complaint, Defendant admits that he left to complete a citation for shoplifting and then returned to issue the citation to Plaintiff.. Defendant otherwise denies the allegations in Paragraph D-16.

22. As to the allegations in Paragraph D-17 of the Amended Complaint, Defendant admits that Plaintiff was released after being issued a citation. Defendant otherwise denies the allegations in Paragraph D-17.

23. As to the allegations in Paragraph D-18 of the Amended Complaint, Defendant admits that he informed Plaintiff that he was rescinding the citation and he could retrieve his items. Defendant otherwise denies the allegations in Paragraph D-18.

**FIRST CLAIM FOR RELIEF**
*42 U.S.C. § 1983 – Fourth Amendment Violation –*
*Unreasonable Search of Person Absent Arguable Reasonable Suspicion*

24. Defendant incorporates herein by reference the responses in Paragraphs 1-22 as though fully set forth herein.

25. The First Claim for Relief was dismissed by the Court and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraphs D-19 thru D-24 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF**
*42 U.S.C. § 1983 – Fourth Amendment Violation –*
*Unreasonable Seizure of Property Absent Arguable Reasonable Suspicion*

26. Defendant incorporates herein by reference the responses in Paragraphs 1-24 as though fully set forth herein.

27. The Second Claim for Relief was dismissed by the Court and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraphs D-25 thru D-29 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**
*42 U.S.C. § 1983 – Fourth Amendment Violation –*
*Unreasonable Detention of Person Absent Arguable Reasonable Suspicion*

28. Defendant incorporates herein by reference the responses in Paragraphs 1-26 as though fully set forth herein.

29. Defendant denies the allegations contained in Paragraph D-31 of the Amended Complaint.

30. Defendant denies the allegations contained in Paragraph D-32 of the Amended Complaint.

31. Defendant denies the allegations contained in Paragraph D-33 of the Amended Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant is a peace officer who was lawfully discharging his duties at the time of the events alleged in the Amended Complaint.

3. Defendant did not cause any injury or damage to Plaintiff.

4. Plaintiff's damages were proximately caused by his own tortious and/or illegal conduct.

5. Plaintiff's damages are not to the extent and nature alleged.

6. Plaintiff has failed to mitigate his damages as required by law.

7. Defendant is entitled to qualified immunity from Plaintiff's claim.

8. Defendant had both reasonable suspicion and probable cause to detain Plaintiff to complete an investigation into theft and did not unnecessarily prolong the detention.

9. Defendant is entitled to rely upon the fellow officer rule to support his reasonable suspicion that Plaintiff had committed theft.

10. Defendant's actions were at all times conducted in good faith and without intent to injure or deprive Plaintiff of his civil rights.

11. Defendant reserves the right to add or delete any defenses as determined appropriate through discovery.

WHEREFORE, having fully answered the allegations in Plaintiff's Amended Complaint, Defendant requests that all of Plaintiff's claims against him be dismissed, with prejudice, and that he be awarded costs of defense, attorney fees, and any other such and further relief as the Court deems just and proper.

Respectfully submitted this 14th of February 2025.

OFFICE OF THE AURORA CITY ATTORNEY

s/ *Julia A. Bannon*
Julia A. Bannon
Gillian Fahlsing
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, CO 80012
Phone: (303) 739-7030
Email: jbannon@auroragov.org
           gfahlsin@auroragov.org
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14th, 2025, a true and correct copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the Clerk of the Court via the CM/ECF system and served via electronic mail and U.S. Mail on the following:

William Montgomery
2443 South University Blvd., PMB 129
Denver, CO  80210
zoinbergs@gmail.com
*Pro Se Plaintiff*

*s/ Nicole N. Chapman*
Nicole N. Chapman, Paralegal